# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10345

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

PHILLIP MONROE BALLARD,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit
**FILED**
April 9, 2015
Lyle W. Cayce
Clerk

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 1 2015
CLERK, U.S. DISTRICT COURT
By _____
      Deputy

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-67

Before REAVLEY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

    Phillip Monroe Ballard appeals the jury's verdict convicting him of solicitation to commit the murder of federal judge John McBryde. We reject Ballard's arguments for the following reasons and AFFIRM.

    Ballard does not adequately explain his arguments or provide supporting authority. Arguments not adequately briefed are waived. *See U.S. v.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010). Nonetheless, for the reasons set forth below, Ballard's claims fail.

First, Ballard asserts that the evidence did not establish his intent to solicit the murder of Judge McBryde. To prove their case, the Government must show that the defendant intended that another person commit a crime of violence against another. 18 U.S.C. § 373(a). This court in *Vargas-Ocampo* reiterates the Supreme Court standard that a conviction must be affirmed "if after viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 300 (5th Cir. 2014 *(en banc), cert. denied,* 135 S. Ct. 170 (2014) (citing *Jackson v. Virginia,* 443 U.S. 307, 313-14, 99 S. Ct. 2781-2786 (1979)). To show Ballard's intent, the Government presented evidence including, but not limited to: (1) informant testimony that Ballard asked if he knew someone to kill Judge McBryde; (2) audio/visual recordings reflecting Ballard discussing with the informant the preferred manner for killing the judge and Ballard calling the undercover FBI agent posing as a hitman; as well as (3) email sent from Ballard's account asking his sister to send money to the address provided by the undercover agent. Since Ballard presented no sufficient countervailing evidence, it was plausible for a rational jury to find him guilty on the evidence presented.

Next, Ballard contends that the trial court abused its discretion by not excluding Government Exhibits 2-5, 7, 7A and 8 as highly prejudicial. First, a court abuses its discretion when its decision is based "on an erroneous view of the law or a clearly erroneous assessment of the evidence." *See United States v. Ebron,* 683 F.3d 105, 125 (5th Cir. 2012). As to excluding evidence, in *United*

2

Case: 14-10345    Document: 00513026855    Page: 3    Date Filed: 05/01/2015
Case 4:13-cr-00067    Document 67    Filed 05/01/15    Page 3 of 5    PageID 619

No. 14-10345

*States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993), this court stated that "[r]elevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." Furthermore, In *Perez-Solis*, we explained that unfair prejudice speaks to the ability of relevant evidence to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Perez-Solis*, 709 F.3d 453, 464-65 (5th Cir. 2013). Ballard fails to prove that the evidence at issue was offered to show anything other than his intent to solicit the murder of Judge McBryde, and thus fails to prove the trial court erroneously admitted the evidence.

Finally, the trial court did not abuse its discretion by overruling Ballard's hearsay objection to Government Exhibit 4. Rule 801 defines hearsay as a statement the declarant did not make while testifying at the trial that is offered into evidence by a party "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The Government accurately maintains that Exhibit 4, the undercover FBI agent's handwritten letter agreeing to perform the hit, was not offered to show that the agent intended to carry out the hit. But it was instead offered to show Ballard's intent to hire a hitman as evidenced by his actions after receiving the letter (e-mailing his sister asking her to send money to the address provided in the letter, and calling the phone number provided in the letter). Consequently, Exhibit 4 is not hearsay and was not admitted in error.

Given the foregoing, a rational jury could have found sufficient evidence to convict Ballard of Solicitation to Commit Murder, and Ballard does not prove that the district court abused its discretion.

AFFIRMED.